Lester R. NELSON, L. Boerbach, C. H. Bunkholt, Gunnar Peterson, E. H. Everetts, Ralph Hallberg, Harry Burns and Vern Thomay, Petitioners,

v.

Alfred JOHNSON and Robert J. Jensen, Respondents.

No. 4–61–Civ–280.

United States District Court D. Minnesota, Fourth Division.

Jan. 5, 1962.

James C. O'Neill, St. Paul, Minn., for petitioners.

Francis X. Helgesen, Minneapolis, Minn., for respondents.

DEVITT, Chief Judge.

Respondents move to dismiss this action for lack of jurisdiction. Jurisdiction is claimed under the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 401 et seq. and particularly under Sec. 501(a) and 501(b), which read as follows:

"§ 501.

"(a) The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization. A general exculpatory provision in the constitution and bylaws of such a labor organization or a

general exculpatory resolution of a governing body purporting to relieve any such person of liability for breach of the duties declared by this section shall be void as against public policy.

"(b) When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) of this section and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, such member may sue such officer, agent, shop steward, or representative in any district court of the United States or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte. The trial judge may allot a reasonable part of the recovery in any action under this subsection to pay the fees of counsel prosecuting the suit at the instance of the member of the labor organization and to compensate such member for any expenses necessarily paid or incurred by him in connection with the litigation."

The petitioners here are members of Local 386 of the Brotherhood of Painters, Decorators and Paperhangers of America, AFL-CIO, a large Union with some 2200 members; the respondents are the President and Treasurer, respectively, of that Union.

The members of this Union have been having internecine quarrels. They have been in this Court before. In this action, the Court is asked to find, inter alia, that the respondents have violated the Labor Management Reporting and Disclosure Act, supra, in several respects, and to issue an injunction commanding the respondents to execute checks in payment of certain bills allegedly authorized to be paid by the membership of Local Union No. 386 for expenses in connection with certain proceedings held by a Union trial board involving these respondents.

The respondents urge that, while a state court might well have jurisdiction of an issue of this kind (and claim, in fact, that such a state court action is now pending), this Court has no such jurisdiction. If there is jurisdiction, it must be bottomed on the statute above quoted.

I have read the statute, its extensive legislative history, and the submitted briefs, and conclude that, on the basis of the facts alleged, the Court does have jurisdiction.

The Labor Management Reporting and Disclosure Act does envisage federal court sanctions against breaches of fiduciary duties by Union officers and agents. Breaches of that duty are claimed by the petitioners in that—

(1) Respondents have failed to hold the money of Local 386 "solely for the benefit of" the Local and its members in that they have withheld the money in furtherance of a personal animus toward certain of petitioners.

(2) Respondents have failed to "expend" the money of Local No. 386 "in accordance with its constitution and bylaws" and the resolutions of the membership which, it is claimed, have authorized the expenditure of that money.

(3) Respondents have dealt with Local No. 386 "as an adverse party or in behalf of an adverse party" in refusing to prepare and execute these checks when their duties as officers of the Union require them to do so under the pertinent Union constitution and bylaw provisions.

(4) Respondents are holding a "personal interest which conflicts with the interest of" Local No. 386.

The portions of the above claims within quotation marks are taken from the wording of Section 501(a), supra.

When these claims are considered in the light of the facts already known by the Court pertaining to the long-time quarrels between factions of the Union members, it appears that the pleadings do allege facts sufficient to establish jurisdiction under the wording and apparent meaning of the Labor Management Reporting and Disclosure Act.

The motion for dismissal is denied.